UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PIERRE LOMBARDINO                                               CIVIL ACTION

VERSUS                                                          NO. 18-6714

NEWELL NORMAND, ET AL.                                          SECTION "E" (2)

## FINDINGS AND RECOMMENDATION

Plaintiff, Pierre Lombardino, was a prisoner incarcerated in the Jefferson Parish Correctional Center. He filed the captioned suit pursuant to 42 U.S.C. § 1983 alleging excessive force by a deputy while incarcerated in the Jefferson Parish Correctional Center. Plaintiff seeks monetary damages and injunctive relief. Record Doc. No. 1, Complaint at ¶¶ IV and V.

By order dated July 19, 2018, Record Doc. No. 5, the court ordered plaintiff to file with the court on or before August 10, 2018 (1) a written list of the full names of all persons whom plaintiff contends violated his constitutional rights under the facts alleged in this lawsuit; (2) a written statement advising the court whether plaintiff is presently incarcerated based on a conviction and, if so, the date of conviction; (3) a written statement of the facts expected to be offered at trial, either orally or as documents; (4) a complete and specific list of all documents to be offered at trial; and (5) a complete list of all witnesses to be called at trial, including the name and address of each witness and a separate summary of the expected testimony of each witness. The record indicates that

this order was mailed to plaintiff at the address listed on his complaint. Plaintiff filed his response on July 30, 2018. Record Doc. No. 7.

By order dated August 7, 2018, a preliminary conference by telephone was scheduled before me for September 13, 2018, at 10:30 a.m. Record Doc. No. 8. The purpose of the conference was to examine the basis of plaintiff's claims and to select pre-trial and trial dates, if appropriate. The court was advised by the Jefferson Parish Sheriff's Office that plaintiff is no longer incarcerated. Record Doc. No. 9.

Thus, the court obtained plaintiff's last known address from the jail's records, and notice of the September 13th preliminary conference was provided by the clerk, both to plaintiff's former jail address and plaintiff's last known residential address. Record Doc. Nos. 12, 13, 16. On September 13, 2018, counsel for defendant appeared by telephone. Plaintiff failed to appear in person or by telephone. Defense counsel represented that his own attempts to contact plaintiff by mail have been unsuccessful.

The court's recent orders addressed to plaintiff at both his last known residential address and his former place of incarceration have been returned to the Clerk's Office as undeliverable. All litigants are obligated to keep the court advised of any address change. Local Rules 11.1 and 41.3.1. In addition, the Section 1983 complaint form used by plaintiff to institute this action contains the following declaration dated July 13, 2018, and signed by plaintiff: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may

result in this action being dismissed with prejudice." Record Doc. No. 1, Complaint at ¶ VI.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). Because the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

The court has attempted through its orders to have plaintiff provide it with the information necessary to screen and prosecute plaintiff's case and advised him of the consequences of the failure to notify the court of his change of address. Record Doc. No. 9. Plaintiff's failure to comply with the court's August 13, 2018 order clearly reflects a failure on the part of plaintiff to prosecute.

In an effort to afford plaintiff one final opportunity to respond and an additional 14-day period within which to provide the court with his current contact information, as required by the Local Rules, I have issued these findings and recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to the Magistrate Judge's proposed findings and recommendation within fourteen (14) days from the date of service of this report. The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders. It is further suggested that plaintiff should also provide the court with the contact information required by the court's rules, as detailed above.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit. A party's failure to file written objections to the proposed findings, conclusions,

and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

## RECOMMENDATION

**IT IS RECOMMENDED** that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Pierre Lombardino be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this \_\_\_14th\_\_\_ day of September, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.